IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARVIN RANDALL,

    Petitioner,

v.

ERIN REYES,

    Respondent.

Case No. 2:23-cv-01826-SB

**FINDINGS AND RECOMMENDATION**

**BECKERMAN, U.S. Magistrate Judge.**

Petitioner Marvin Randall ("Randall"), a self-represented adult in custody ("AIC") at Two Rivers Correctional Institution ("TRCI"), brings this habeas corpus action pursuant to 28 U.S.C. § 2254 ("Section 2254") challenging his 2020 Washington County convictions for four counts of Compelling Prostitution and two counts of Promoting Prostitution. (Pet. (ECF No. 1) at 1.) Before the Court is Randall's Motion for Preliminary Injunction. (Pl.'s Mot. Prelim. Inj. ("Mot."), ECF No. 50.) For the following reasons, the district judge should deny the motion.

## DISCUSSION

Randall seeks a court order "preventing the [Oregon] Department of Corrections Health Services from scheduling daily unwanted medical appointments[.]" (Mot. at 1.) According to

PAGE 1 – FINDINGS AND RECOMMENDATION

Randall, Health Services has, on more than one occasion, scheduled him for medical appointments that have interfered with his scheduled law library time. (Decl. Supp. Mot. Prelim. Inj. (ECF No. 51) ¶¶ 3-8.) Randall claims that "he is being singled out for disparate treatment by Health Services for consistently refusing their appointments and services[,]" and concludes, without alleging any facts in support, that "the respondent is acting with . . . malicious or bad faith intent to injure by denying full access to the law library." (*Id.* ¶¶ 13-14.)

As the Court recently explained when it denied Randall's first motion for preliminary injunction,[1] the injunctive relief Randall seeks is not available in a habeas action. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (explaining that "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus[,]" whereas "requests for relief turning on circumstances of confinement may be presented in a [42 U.S.C.] § 1983 action." (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004))). Randall's claim that unwanted medical appointments are interfering with his access to the law library "merely challenges the conditions of [his] confinement" and therefore "fall[s] outside of [the] core [of habeas corpus]." *Nelson v. Campbell*, 541 U.S. 637, 643 n.13 (2004). The Court thus lacks jurisdiction to grant Randall's request for injunctive relief.

In addition, Randall fails plausibly to allege that he will suffer an irreparable injury absent preliminary injunctive relief or that such injury is imminent. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (explaining that a petitioner seeking a preliminary injunction must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

---

[1] The district judge adopted the undersigned's Findings and Recommendation (ECF No. 40) and denied Randall's previous motion for preliminary injunction on August 15, 2024. (ECF No. 45.)

PAGE 2 – FINDINGS AND RECOMMENDATION

injunction is in the public interest"). Although Randall claims that he must report to Health Services when scheduled or face disciplinary sanctions, he does not allege that he is unable to use the law library at a time that does not overlap with his medical appointments, and he alleges no facts plausibly supporting his assertion that such appointments are being scheduled for an improper purpose. *See Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) (noting that to meet the "irreparable harm" requirement, a plaintiff must demonstrate, rather than simply allege, imminent harm). Preliminary injunctive relief therefore is not warranted, and the Court reminds Randall that he can move for an extension of time if unavoidable prison delays prevent him from meeting deadlines in this case.

## CONCLUSION

For the reasons stated, the district judge should DENY Randall's Motion for Preliminary Injunction (ECF No. 50).

## SCHEDULING ORDER

The Court will refer its Findings and Recommendations to a district judge. Objections, if any, are due within fourteen (14) days. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 27th day of August, 2024.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge